IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARRELL EUGENE MADISON,

    Petitioner,

v.                                                                   Civil Action No. 3:09cv8

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Darrell Eugene Madison, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] Madison challenges his convictions for possession of a firearm, possession of cocaine, possession of cocaine with intent to distribute, and transporting a firearm as a convicted felon. Respondent filed a Motion to Dismiss Madison's Petition (Docket No. 7) and Rule 5 Answer (Docket No. 8), providing Madison with appropriate *Roseboro*[2] notice (Docket No. 10). Respondent contends that the matter is barred by the statute of limitations. Madison has responded. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254. The matter is ripe for adjudication.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Procedural History

The Circuit Court of Hanover County ("Circuit Court") convicted Madison of possession of a firearm, possession of cocaine, transporting a firearm as a convicted felon, and possession of cocaine with intent to distribute. Madison pursued a direct appeal of his conviction. The Supreme Court of Virginia refused Madison's petition for appeal on November 29, 2006. (Respt.'s Br. in Supp. of Mot. to Dismiss, Ex. 4.)

On May 15, 2007, Madison filed a petition for a writ of habeas corpus in the Circuit Court. The Circuit Court denied the petition on January 8, 2008. Madison filed a timely notice of appeal with the Circuit Court. (Br. in Supp. of Petr.'s Resp. & Opp'n ("Petr.'s Opp'n"), Ex. B.) Madison, however, did not file a timely petition for appeal with the Supreme Court of Virginia. Therefore, on June 3, 2008, the Supreme Court of Virginia dismissed Madison's petition for appeal. (Petr.'s Opp'n, Ex. 6.) On December 22, 2008, Madison filed his present Petition in the United States District Court, Eastern District of Virginia.[3]

Madison raises the following claims, presented below verbatim, but with some corrections as to capitalization:

> Claim One: Petitioner was denied his Sixth Amendment right to counsel when the trial court refused to allow him to be represented by his retained counsel and counsel of choice.
>
> Claim Two: The deprivation of Petitioner's choice of counsel is a structural defect which entitles him to a reversal of his conviction pursuant to the United

---

[3] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Respondent contends Madison filed his Petition on December 24, 2008. (Respt.'s Br. in Supp. of Mot. to Dismiss 5.) Madison, however, has sworn in an affidavit that he filed his Petition on December 22, 2008, when he deposited the envelope in the mailbox at Lunenburg Correctional Center. (Petr.'s Opp'n, Ex. D.) The Court relies on Madison's affidavit and finds he filed his Petition on December 22, 2008.

2

States Supreme Court ruling in *United States v. Gonzalez-Lopez*, 548 U.S. [140], 126 S. Ct. 2557 (2006).

Claim Three: Petitioner was denied the effective assistance of counsel when he agreed to enter an *Alford* plea on the misrepresentation of counsel that he would receive ten years in prison but received twenty-nine years with ten years suspended.

Claim Four: Trial court erred by denying Petitioner's request for a continuance made on the morning of the trial date in order to enable his newly retained counsel to prepare for trial.

Claim Five: Trial court erred by allowing Petitioner to be classified as a Category 1 offender for sentencing guideline purposes based on his New York robbery convictions which do not carry a maximum sentence of life as do Virginia robbery convictions.

Claim Six: Trial court erred at sentencing by allowing the Commonwealth to introduce evidence of non-adjudicated criminal acts that occurred in another jurisdiction.

(Petition 6-9.)

## II. Analysis

### A. The Federal Statute of Limitations

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. <u>Application of the Statute of Limitations</u>

Madison's convictions became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on Tuesday, February 27, 2007, the last date to file a petition for a writ of certiorari with the Supreme Court of the United States. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Seventy-six (76) days of the limitation period elapsed before Madison filed a petition for a writ of habeas corpus with the Circuit Court on May 15, 2007. Pursuant to 28 U.S.C. § 2244(d)(2), the limitation period was tolled until the Circuit Court dismissed the petition on January 8, 2008. Madison had two-hundred and eighty-nine (289) days, or until October 23, 2008, to file his federal habeas petition. Madison filed his Petition on December 22, 2008. Hence, the Petition is barred by the statute of limitations absent either statutory or equitable tolling.

Because, as explained below, Respondent has not addressed Madison's substantial arguments that he is entitled to statutory and equitable tolling that would render his Petition timely, the motion to dismiss WILL BE DENIED WITHOUT PREJUDICE. *See Taylor v.*

4

*Hinkle*, No. 3:08cv00306, 2009 WL 604344, at *3 (E.D. Va. Mar. 6, 2009) (refusing to dismiss claims where respondent failed to carry his burden of establishing claims were barred by the statute of limitations).

C.      **Statutory Tolling**

The statutory tolling mechanism is only available for "properly filed application[s] for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document [and] the time limits upon its delivery . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[T]ime limits, no matter their form, are 'filing' conditions."). Respondent contends that Madison was not entitled to further statutory tolling after the Circuit Court's dismissal of his state habeas petition on January 8, 2008. Respondent asserts that because Madison's petition of appeal to the Supreme Court was untimely, Madison's collateral appeal was not properly filed and thus was insufficient to trigger § 2244(d)(2)'s tolling mechanism. *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 930 (E.D. Va. 2000) (concluding that under Virginia's rules, an appeal "is only 'properly filed' on the date that the prisoner, within the time limit, submits his petition for appeal to prison officials to be mailed"); *see Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (concluding no time between the date the trial court denied petition for state habeas relief and "the date his appeal was dismissed for failure to perfect by the Supreme Court of Virginia[ ]will be excluded in determining whether his petition is time barred under § 2244(d)(1)"); *Hines v. Johnson*, No. 2:08cv00102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009) (same).

Citing *Allen v. Mitchell*, 276 F.3d 183 (4th Cir. 2001), Madison responds that he is entitled to statutory tolling of the statute of limitations for the three-month period after January 8, 2008, when he was required to file his petition for appeal with the Supreme Court of Virginia.[4] In *Allen*, the United States Court of Appeals for the Fourth Circuit, applying North Carolina law, designated such an interval as the "Appeal Period" and concluded the prisoner was entitled to statutory tolling for this period.

> When a prisoner files an untimely appellate petition during state collateral review proceedings, three periods are relevant to the availability of tolling for the time span between the denial of relief by the lower court and the conclusion of appellate proceedings: the interval between the lower court decision and the deadline for seeking review ("Appeal Period"); the interval between this deadline and the filing of an appellate petition ("Post Deadline Period"); and the interval during which the appellate petition is under review by the state court ("Review Period"). We have already held that the statute of limitations is tolled pursuant to § 2244(d)(2) during the Appeal Period.

*Id.* at 185 (*citing Taylor* v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Respondent has not acknowledged Madison's argument, much less explained why *Allen* should not control the result here.

### D. Equitable Tolling

Equitable tolling is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.

---

[4] In *Allen*, the Fourth Circuit struggled to determine when an application for post-conviction relief would be "pending" under North Carolina's unusual system of collateral appellate review. *See id.* at 185-86. Under that system, an inmate whose application for collateral relief has been denied by the trial court can seek further review by filing a petition for certiorari with the North Carolina Court of Appeals. *See id.* at 186 (*citing* N.C. Gen. Stat. § 15A-1422(c)(3) (1999); N.C. R. App. P. 21(e)). Such a petition for certiorari is timely so long as it filed "'without unreasonable delay.'" *Id.* (*quoting* N.C. R. App. P. 21(c)) (meaning that the Fourth Circuit conducted its tolling analysis "in the absence of a fixed appellate deadline").

2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003)). Additionally, a petitioner seeking equitable tolling bears the burden of establishing that he or she has been pursuing his or her rights diligently. *Pace,* 544 U.S. at 418.

Madison contends that he is entitled to equitable tolling because his state habeas counsel intentionally misinformed Madison that his collateral appeal was still pending when in fact the Supreme Court of Virginia already had dismissed the appeal as untimely. Specifically, Madison swears that:

> After my petition for habeas corpus was dismissed by the Circuit Court of Hanover County on January 8, 2008, my counsel (Mr. Patrick R. Byrnum [sic], Jr.) and I agreed that an appeal should be filed. Counsel thereafter filed a timely notice of appeal, and in June 2008, he advised me that my appeal was pending in the Supreme Court of Virginia and sent me a copy of the petition for appeal he filed in my behalf.
> At no time did counsel inform me that the petition he filed in my behalf was filed late, that he filed a Motion for Extension of Time to file the Petition for Appeal, that the motion for extension was denied by the Supreme Court of Virginia by order dated June 3, 2008, and that he filed a Petition for Rehearing in my behalf which the Supreme Court of Virginia denied by order dated September 19, 2008.
> After I inquired of counsel on numerous occasions about the status of my appeal and did not receive any response, I wrote a letter dated October 28, 2008, to the Supreme Court of Virginia to inquire about the status of my appeal. By letter dated October 31, 2008, the Court advised me that an order refusing my Petition for Appeal was entered on June 3, 2008, and that counsel filed a petition for rehearing on June 3, 2008, which the Court refused on September 19, 2008. A copy of the letter I received from the Supreme Court of Virginia is hereto attached.
> Had counsel not misinformed me about the status of my appeal and had he informed me that the petition was dismissed as untimely, I would have filed my

7

petition in this Court before October 2008 and would not have waited under the misapprehension that I had not exhausted my available state remedies.

(Petr.'s Opp'n, Ex. D 2-3 (internal paragraph numbering omitted).) Madison also has submitted correspondence from Mr. Bynum and the Supreme Court of Virginia, which generally corroborates the above account.

"Although the issue has not been conclusively determined by the Fourth Circuit, it is well-settled in other circuits that serious attorney misconduct does constitute extraordinary circumstances sufficient to permit equitable tolling." *Bowden v. Virginia*, No. 1:08cv01170, 2009 WL 2496517, at *4 (E.D. Va. Aug. 13, 2009) (citing cases from six circuits). Specifically, a number of courts have concluded that counsel's false representation that a post-conviction pleading has been filed may warrant equitable tolling. *See, e.g., Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008); *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) ("Counsel's false representation that a habeas petition has been filed may warrant equitable tolling." (*citing United States v. Wynn*, 292 F.3d 226, 228-30 (5th Cir. 2002))). Given the above facts and law, the Court declines to decide whether Madison is entitled to equitable tolling absent some briefing on the issue by Respondent.

### III. Conclusion

The motion to dismiss (Docket No. 7) will be DENIED WITHOUT PREJUDICE. Within thirty (30) days of the date of entry hereof, Respondent shall file his further response to the Petitioner. Should Respondent wish to renew his argument that Madison's Petition is barred by the statute of limitations, he must throughly address the statutory and equitable tolling issues

raised by Madison. Additionally, Respondent's response shall include any additional procedural or merits-based responses to Petitioner's claims. Petitioner shall file any reply to Respondent's filing no later than forty-five (45) days from today.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 3-22-10