IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARRELL EUGENE MADISON,

    Petitioner,

v.                                         Civil Action No. 3:09cv8

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Darrell Eugene Madison, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("§ 2254 Petition") pursuant to 28 U.S.C. § 2254.[1] Madison challenges his convictions for possession of a firearm, possession of cocaine, possession of cocaine with intent to distribute, and transporting a firearm as a convicted felon. Madison raises six grounds for relief in his § 2254 Petition, presented below:

    Claim One:    Petitioner was denied his Sixth Amendment[2] right to counsel when the trial court refused to allow him to be represented by his retained counsel and counsel of choice.

    Claim Two:    The deprivation of Petitioner's choice of counsel is a structural defect which entitles him to a reversal of his conviction pursuant to the United States Supreme Court ruling in *United States v. Gonzalez-Lopez*, 548 U.S. [140], 126 S. Ct. 2557 (2006).

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

> Claim Three: Petitioner was denied the effective assistance of counsel when he agreed to enter an *Alford* plea[3] on the misrepresentation of counsel that he would receive ten years in prison but received twenty-nine years with ten years suspended.
>
> Claim Four: Trial court erred by denying Petitioner's request for a continuance made on the morning of the trial date in order to enable his newly retained counsel to prepare for trial.
>
> Claim Five: Trial court erred by allowing Petitioner to be classified as a Category 1 offender for sentencing guideline purposes based on his New York robbery convictions which do not carry a maximum sentence of life as do Virginia robbery convictions.
>
> Claim Six: Trial court erred at sentencing by allowing the Commonwealth to introduce evidence of non-adjudicated criminal acts that occurred in another jurisdiction.

(§ 2254 Petition 6-9.)[4] Respondent has filed a response, addressing the merits of the § 2254 Petition. (Docket No. 19.) Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254. The matter is ripe for adjudication. For the reasons stated below, the Court will DENY Madison's § 2254 Petition.

## I. Factual and Procedural History

On November 22, 2004, police officers with the Hanover Sheriff's Office arrested Madison, charging him with various drug and firearm offenses stemming from an undercover drug investigation. On May 9, 2005, Madison appeared before the Circuit Court of Hanover County ("Circuit Court") with retained counsel and requested that the Circuit Court grant a

---

[3] *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (upholding the trial court's acceptance of a guilty plea where the defendant did not admit guilt, instead pleading guilty due to the overwhelming evidence of guilt that existed against him).

[4] While the § 2254 Petition does not contain numbered pages, the Court has numbered the pages for ease of reference.

2

continuance of the trial date and set the matter for trial by jury. The Circuit Court granted Madison's first motion to continue and set the matter for trial on June 22, 2005.

On May 13, 2005, Madison appeared before the Circuit Court on defense counsel's motion to withdraw. Due to irreconcilable differences and the fact that Madison had filed a bar complaint against his retained counsel, the Circuit Court granted the motion to withdraw and appointed another attorney to represent Madison. The Circuit Court continued the June 22, 2005 trial date to July 1, 2005. The Circuit Court explained to Madison that this second continuance was on his motion.

On June 22, 2005, Madison, represented by court-appointed counsel, appeared before the Circuit Court for a hearing on his motion to suppress evidence. Because Madison was in the process of retaining new counsel, Madison moved to continue the hearing on the motion to suppress evidence. The Circuit Court continued the hearing on the motion until the morning of trial, but warned Madison to retain counsel prepared to go to trial on July 1, 2005: "It's going to be heard on July 1st at 8:30, the motions, and the jury trial at 9:30, period." (Tr. 50:1-2.)[5]

On July 1, 2005, Madison appeared before the Circuit Court for the scheduled jury trial along with his court-appointed counsel and newly retained private counsel. That morning, Madison made a motion to continue the trial date and a motion to substitute counsel. The Commonwealth opposed any continuance, arguing: "[T]his Court had indicated that the defendant, it didn't really matter who he hired, but whomever was hired should be prepared and ready to go forward on today's date, and so that was well known to the defendant . . . ." (Tr. 55:22-56:10.) The Circuit Court denied Madison's third motion to continue the trial date, but

---

[5] This transcript covers the entirety of Madison's proceeding in the Circuit Court of Hanover County related to the charges stemming from the events of November 22, 2004.

3

offered to allow both Madison's court-appointed counsel and newly retained counsel to try the case. Madison's newly retained counsel told the Circuit Court that he could not try the case that day because of a scheduling conflict and because he was not prepared for trial. Based on this representation, the Circuit Court denied Madison's motion to substitute.

Thereafter, the Commonwealth and Madison reached a plea agreement, and Madison entered *Alford* pleas to possession of a firearm, possession of cocaine, transporting a firearm as a convicted felon, and possession of cocaine with intent to distribute. After a plea colloquy, the Circuit Court accepted Madison's plea as "made knowingly, voluntarily, with full knowledge of the nature and consequences" and entered a conviction order. (Tr. 85:21-24.) On October 17, 2005, the Circuit Court sentenced Madison to twenty-nine years of imprisonment, with ten years suspended.

Madison pursued a direct appeal of his conviction, raising Claims Four, Five, and Six as grounds for relief. *Madison v. Commonwealth*, No. 2693-05-2 (Va. Ct. App. June 7, 2006). The Supreme Court of Virginia refused Madison's petition for appeal on November 29, 2006. *Madison v. Commonwealth*, No. 061308 (Va. Nov. 29, 2006).

On May 15, 2007, Madison, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court, raising Claims One through Six as grounds for relief. The Circuit Court denied the petition on January 8, 2008, finding that Claim Three lacked merit and that the remaining Claims, consisting of allegations of trial error, were not cognizable on habeas corpus. *Madison v. Dir. of the Va. Dep't of Corr.*, No. CL07000378-00 (Va. Cir. Ct. Jan. 8, 2008). Madison filed a timely notice of appeal with the Circuit Court. Madison, however, did not file a timely petition for appeal with the Supreme Court of Virginia, and instead, filed a Motion for Extension of Time

to File Petition. On June 3, 2008, the Supreme Court of Virginia denied the Motion for Extension of Time to File Petition and dismissed Madison's petition for appeal as untimely pursuant to Va. Sup. Ct. R. 5:17(a)(1).[6] *Madison v. Dir. of the Dep't of Corr.*, No. 080973 (Va. June 3, 2008). Madison then filed a Petition for Rehearing, which the Supreme Court of Virginia subsequently denied. *Madison v. Dir. of the Dep't of Corr.*, No. 080973 (Va. Sept. 19, 2008). On November 20, 2008, Madison filed a second Petition for Writ of Habeas Corpus in the Circuit Court, which was denied by the Circuit Court on April 16, 2009. *Madison v. Dir., Dep't of Corr.*, No. CL08000971-00 (Va. Cir. Ct. Apr. 16, 2009).

On December 22, 2008, Madison filed his present § 2254 Petition in the United States District Court, Eastern District of Virginia.[7] Respondent filed a Motion to Dismiss Madison's § 2254 Petition (Docket No. 7) and Rule 5 Answer (Docket No. 8), providing Madison with appropriate *Roseboro*[8] notice (Docket No. 10) and arguing that Madison's § 2254 Petition is barred by the statute of limitations. Madison, in response, contends that he is entitled to

---

[6] At the time, Virginia Supreme Court Rule 5:17(a)(1) stated:

(a) Time for Filing. In every case in which the appellate jurisdiction of this Court is invoked, a petition for appeal must be filed with the clerk of this Court:
  (1)   in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from . . . .

Va. Sup. Ct. R. 5:17(a)(1) (2008).

[7] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Respondent contends Madison filed his § 2254 Petition on December 24, 2008. Madison, however, has sworn in an affidavit that he filed his § 2254 Petition on December 22, 2008, when he deposited the envelope in the mailbox at Lunenburg Correctional Center. The Court relies on Madison's affidavit and finds he filed his § 2254 Petition on December 22, 2008.

[8] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

equitable tolling because his state habeas counsel intentionally misinformed Madison that his collateral appeal was still pending when in fact the Supreme Court of Virginia already had dismissed the appeal as untimely. By Memorandum Opinion and Order dated March 22, 2010, this Court denied without prejudice Respondent's Motion to Dismiss and ordered both parties to file supplemental briefing. Specifically, the Court ordered Respondent to address Madison's arguments regarding equitable tolling and include any additional procedural or merits-based responses to Madison's claims.

In supplemental briefing, Respondent again contends that Madison's § 2254 Petition is barred by the statute of limitations. Respondent alternatively contends that Claim Three is procedurally defaulted, that Claims Five and Six are not cognizable on federal habeas, and that the remaining claims should be dismissed on the merits. Because Madison's claims are all either procedurally defaulted or patently without merit and because it appears that Madison might be entitled to equitable tolling if erroneously told his appeal was still pending,[9] the Court assumes, without deciding, that Madison's § 2254 Petition is not barred by the statute of limitations and dismisses the § 2254 Petition on other grounds. *See Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999).

## II. Standard of Review

This Court's power to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. §§ 2254(d) and 2254(e)(1). Under Section 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). A

---

[9] *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (stating that while a "garden variety claim" of attorney misconduct does not warrant equitable tolling, extraordinary instances of attorney misconduct might warrant equitable tolling).

petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" clearly established law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone,* 535 U.S. 685, 694 (2002) (*citing Williams v. Taylor,* 529 U.S. 362, 405-06 (2000)). A decision is an "unreasonable application" of Supreme Court law "if the state court correctly identifies the governing legal principle . . . but unreasonably applies it to the facts of the particular case." *Id.* at 407-08. Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landrigran,* 550 U.S. 465, 473 (2007) (*citing Williams,* 529 U.S. at 410).[10] Additionally, "when assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker,* 552 F.3d 356, 365 (4th Cir. 2009) (alterations in original; internal quotations omitted).

---

[10] In light of the foregoing statutory structure, the findings of the Supreme Court of Virginia and the Circuit Court figure prominently in this Court's opinion.

## III. Analysis

### A. Because Madison Fails to Identify Any Federal Right at Issue, the Court Dismisses Claims Four, Five, and Six

Claims Four, Five, and Six are not cognizable on federal habeas grounds because Madison fails to identify any federal right at issue. Madison argues in Claim Four that the Circuit Court erred in denying his third motion to continue the trial date to enable his newly retained counsel to prepare for trial.[11] In Claim Five, Madison asserts error in his sentencing guideline calculations. Finally, in Claim Six, Madison contends that the trial court erred in hearing evidence at sentencing of non-adjudicated criminal acts pursuant to Virginia statutory and common law. These claims all rest on an interpretation of Virginia common law and statutes, and in essence, Madison requests a review of Virginia's application of its own law.

However, this Court lacks jurisdiction on federal habeas to review a claim that implicates no federal rights. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"). "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Billotti v. Legursky*, 975 F.2d 113, 119 (4th Cir. 1992) (*quoting Engle v. Isaac*, 456 U.S. 107, 119 (1982)). Principles of comity and federalism preclude federal habeas review involving reexamination of "state-court determinations on state-law questions." *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 483 (E.D. Va.

---

[11] To the extent that Claim Four could be considered to implicate Madison's Sixth Amendment right to counsel, as discussed below regarding Claims One and Two, the Court finds that the Circuit Court acted well within federal constitutional bounds when it chose to deny Madison's third motion for a continuance. *See infra* Part III.C.

8

2005). Because Claims Four, Five, and Six implicate no federal rights, these claims must be DISMISSED.

### B. The Court Dismisses Claim Three as Procedurally Defaulted

In Claim Three, Madison alleges that he was denied the effective assistance of counsel when he agreed to enter *Alford* pleas only after counsel misrepresented that he would receive ten years in prison, but instead he received twenty-nine years with ten years suspended. As explained below, the Court will DISMISS Claim Three as procedurally defaulted.[12]

#### 1. Applicable Law for Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek*, 359 F. Supp. 2d at 479 (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the

---

[12] While Respondent raised the defense of procedural default as to Claim Three, Respondent did not clearly identify the state procedural rule at issue, instead citing case law that implies the rule on which he stakes his position. It is apparent from Respondent's citation and the Virginia Supreme Court case at bar that the relevant procedural rule at issue is Virginia Supreme Court Rule 5:17(a)(1). *See Madison v. Dir. of the Dep't of Corr.*, No. 080973 (Va. June 3, 2008). In any event, even if this Court considered the merits of Claim Three, the Court would find that, under 28 U.S.C. § 2254(d), the Circuit Court correctly decided Claim Three on the merits.

Based on the record before this Court, Madison would be unable to satisfy the prejudice prong of his ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). During the plea colloquy, Madison informed the Circuit Court that no one had made any promises to him beyond those contained in the written plea agreement. Madison further indicated that he understood that the maximum penalty for his offenses totaled sixty years of imprisonment and that he understood that the Circuit Court could impose that maximum penalty. Further, Madison affirmed that he understood that any recommendations agreed upon in the plea agreement were not binding on the Circuit Court. Thus, even if Madison could prove that his trial counsel misrepresented his possible sentence, this misrepresentation was corrected by the Circuit Court's plea colloquy, and thus Madison was not prejudiced. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995).

State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all "available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."[13] 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly

---

[13] Respondent concedes that Madison has satisfied this aspect of the exhaustion requirement.

presented his legal argument to the state courts). The United States Court of Appeals for the Fourth Circuit summed up a petitioner's burden in this regard as follows:

> [T]he exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."

*Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (*quoting Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### 2. Claim Three is Procedurally Defaulted

Madison did not present Claim Three to the Supreme Court of Virginia on direct appeal. While Madison raised Claim Three during his state habeas proceedings, he filed an untimely

11

appeal of the Circuit Court's January 8, 2008 denial of his state habeas petition. The Supreme Court of Virginia thus refused to entertain Madison's claims because he filed his petition for appeal more than three months after the Circuit Court's decision, violating Virginia Supreme Court Rule 5:17(a)(1). *Madison v. Dir. of the Dep't of Corr.*, No. 080973 (Va. June 3, 2008). Rule 5:17(a)(1) is an adequate and independent procedural bar when so applied. *O'Dell v. Netherland*, 95 F.3d 1214, 1243 (4th Cir. 1996). Thus, Madison's Claim Three is procedurally defaulted unless he can demonstrate cause for his procedural violation and prejudice resulting therefrom.

### 3. Excuse for Procedural Default

Madison presents no argument regarding cause that might excuse his procedural default. To the extent that Madison's briefing may be construed to assert cause based on his state habeas counsel's failure to timely perfect the appeal of his state habeas petition, this argument fails. Because no right to effective assistance of counsel in state habeas proceedings exists, Madison cannot demonstrate cause by pointing to his state habeas counsel's failure to timely perfect the appeal. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). Thus, Madison has failed to show cause that might excuse Claim Three from procedural default, and the Court will DISMISS Claim Three.

## C. The Court Dismisses Claims One and Two on the Merits[14]

In Claim One, Madison contends that he was denied his Sixth Amendment right to counsel when the Circuit Court refused to allow him to be represented by his retained counsel and counsel of choice. Citing *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), Madison argues in Claim Two that this deprivation of his choice of counsel is a structural defect which entitles him to a reversal of his conviction. According to the record before the Court, the Circuit Court indicated its willingness to allow Madison's retained counsel to represent Madison, but the Circuit Court refused to grant Madison a third continuance of the trial date. Given the Circuit Court's refusal to grant a continuance, Madison's retained counsel declined to try Madison's case that day because of a scheduling conflict and because he was not prepared to try the case. Thus, any Sixth Amendment violation must be predicated on the Circuit Court's denial of the motion to continue the trial date. As discussed below, the Court finds that the Circuit Court did not abuse its discretion in denying Madison's third motion to continue the trial date and did not violate Madison's Sixth Amendment right to counsel of choice.

### 1. Applicable Law

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The

---

[14] While Claims One and Two appear to be unexhausted and procedurally defaulted, the Circuit Court, during the state habeas proceedings and at the Respondent's urging, seems to have found that Claims One and Two had been raised and resolved against Madison on direct appeal. *Madison v. Dir. of the Va. Dep't of Corr.*, No. CL07000378-00, at 4 (Va. Cir. Ct. Jan. 8, 2008). Because further discussion of exhaustion and procedural default would not result in the efficient disposition of the case, the Court will turn to the merits of Claims One and Two. *Yeatts*, 166 F.3d at 261 ("[O]n occasion the determination of whether a petitioner has defaulted his claims will present difficult issues of state law that are not readily susceptible to decision by a federal court, while the claim advanced by the petitioner patently is without merit. In such a situation, a federal habeas court would not be justified in considering the procedural default issue.").

Sixth Amendment right to counsel includes "the right of a defendant who does not require appointed counsel to choose who will represent him." *Gonzalez-Lopez*, 548 U.S. at 144 (*citing Wheat v. United States*, 486 U.S. 153, 159 (1988)). If a court wrongly denies a defendant's right to counsel of choice, a Sixth Amendment violation has occurred, and courts need not conduct an ineffective assistance of counsel inquiry during habeas proceedings. *Id.* at 148. Further, the Supreme Court of the United States has held that the erroneous deprivation of the right to counsel of choice qualifies as a structural error. *Id.* at 150. However, the right to counsel of choice is not absolute and "'is circumscribed in several important respects.'" *Id.* at 144 (*quoting Wheat*, 486 U.S. at 159). The Supreme Court of the United States has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar." *Id.* at 152 (internal citations omitted).

Thus, despite the fact that constitutional rights may be implicated, trial courts are accorded wide discretion in determining whether or not to grant continuances. *Sampley v. Att'y Gen. of N.C.*, 786 F.2d 610, 613 (4th Cir. 1986). "Indeed, the constitutional right is probably best stated as a limit on trial court discretion: that discretion only exceeds its constitutional bounds when it is exercised to deny a continuance on the basis of an 'unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.'" *Sampley*, 786 F.2d at 613 (*quoting Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). In determining whether a trial court abused its discretion in denying a continuance, reviewing courts must look to the circumstances and facts of each case, particularly the reasons presented to the trial court at the time the request is denied. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "Obviously a defendant has no constitutional right to dictate the time, if ever, at which he is willing to be tried by simply

... objecting that counsel then retained or assigned is not presently 'counsel of his choice.'" *Sampley*, 786 F.2d at 613 (internal citations omitted).

### 2. The Circuit Court's Denial of Madison's Third Motion to Continue Did Not Violate Madison's Sixth Amendment Rights

The Court cannot conclude that the Circuit Court's denial of Madison's third motion to continue resulted in a violation of Madison's Sixth Amendment right to counsel of choice. First, the Circuit Court had already continued the trial twice at Madison's request. Second, the Circuit Court had continued a motions hearing at Madison's request because Madison indicated that he was in the process of retaining new counsel. At this time, the Circuit Court warned Madison that whatever attorney he retained must be prepared to proceed to trial on the scheduled date. Despite this warning, on the morning of the scheduled trial date, Madison moved to continue the trial because his newly retained counsel was not prepared to go forward. *See Ungar*, 376 U.S. at 590 (finding no Sixth Amendment violation from the court's denial of a motion for continuance because the defendant "had been afforded sufficient time to hire counsel who would be available at the time of the scheduled hearing"); *Sampley*, 786 F.2d at 614 (finding no Sixth Amendment violation from a court's denial of a motion for continuance because the defendant had been given "two successive continuances . . . for the specific purpose of enabling him to employ other counsel" for a known trial date). Third, neither Madison nor his newly retained counsel made the motion to continue until the morning of the trial, despite the fact that the record suggests that Madison retained new counsel at least a week before the scheduled trial. *See Ungar*, 376 U.S. at 590 (finding no Sixth Amendment violation from a court's denial of a motion for continuance because the motion was made on the morning of the scheduled hearing despite the fact that the

defendant had retained counsel three days prior to the scheduled hearing); *Sampley*, 786 F.2d at 614 (finding no Sixth Amendment violation from a court's denial of a motion for continuance because the motion was made on the morning of the scheduled trial despite the fact that new counsel had previously been retained). Finally, the Commonwealth opposed the continuance, largely because the witnesses, lawyers, and jurors were all assembled and awaiting trial. *See Morris*, 461 U.S. at 11-12.

Ultimately, based on these facts and circumstances, the Court cannot conclude that the Circuit Court's denial of Madison's third motion to continue was "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" *Morris*, 461 U.S. at 11-12 (*quoting Ungar*, 376 U.S. at 589). Rather, the Court finds that the Circuit Court's refusal to grant Madison's third motion to continue "did not abuse the constitutional limits of trial court discretion imposed by the [S]ixth [A]mendment." *Sampley*, 786 F.2d at 616. The Court thus DISMISSES Claims One and Two on the merits.

## IV. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

16

No law or evidence suggests that Madison is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

## V. Conclusion

For the foregoing reasons, the Court finds the claims presented in Madison's § 2254 Petition to be either procedurally defaulted or without merit. Thus, Madison's § 2254 Petition will be DENIED, and this action will be DISMISSED. A COA will be DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 2-8-11