IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARRELL EUGENE MADISON,

    Petitioner,

v.                                                                 Civil Action No. 3:09cv8

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

This matter comes before the Court on Respondent's renewed Motion to Vacate and Dismiss as Moot. (Docket No. 27.) Petitioner Darrell Eugene Madison has not filed a response, and the time to do so has passed. For the reasons that follow, the Court will GRANT Respondent's motion, VACATE this Court's February 8, 2011 Memorandum Opinion and Order, and DENY AS MOOT Madison's petition filed pursuant to 28 U.S.C. § 2254.

### I. Procedural History

On December 22, 2008, Madison, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition ("§ 2254 petition"), challenging his 2005 convictions received in the Circuit Court of Hanover County ("Circuit Court") for possession of a firearm, possession of cocaine, possession of cocaine with intent to distribute, and transporting a firearm as a convicted felon. By Memorandum Opinion and Order dated February 8, 2011, this Court denied Madison's § 2254 petition on the merits and dismissed the action. (Docket Nos. 20, 21.)

Later that day, Respondent filed a Motion to Vacate and Dismiss as Moot. (Docket No. 22.) The Respondent informed the Court of Respondent's February 7, 2011 discovery that Madison's 2005 convictions had been vacated by the Circuit Court on August 17, 2009 and that

Madison had since been retried, convicted, and sentenced on the same charges. Respondent then asked the Court to vacate its February 8, 2011 Order and deny the § 2254 petition as moot.

On May 6, 2011, the Court denied Respondent's request without prejudice for failure to meet federal and local rule requirements for placing issues before this tribunal. The Court ordered Respondent to renew his motion, citing proper rules and relevant law in a memorandum, within fourteen (14) days. Respondent has renewed his motion, urging the Court to vacate its February 8, 2011 Order pursuant to Federal Rule of Civil Procedure 60(b) and deny Madison's § 2254 petition as moot.

## II. Analysis

Reconsidering or vacating "a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b). Under Rule 60(b) of Federal Rules of Civil Procedure, the court may vacate a final order for the following reasons: "(1) excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief." *Heyman v. M. L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997) (citing Fed. R. Civ. P. 60(b)).

Here, Respondent has satisfied the requirements of Rule 60(b). Madison's § 2254 petition, filed in December 2008, challenged his 2005 convictions received in the Circuit Court of Hanover County. However, on August 17, 2009, the Circuit Court vacated the 2005 convictions. On February 8, 2011, this Court, without knowing that the challenged convictions had been vacated, denied Madison's § 2254 petition on the merits. The Court, however, did not have jurisdiction to address Madison's § 2254 petition premised on vacated state court judgments, and Rule 60(b)(4) thus provides grounds for relief. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (explaining that a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction); *see also Spencer v. Kemna*, 523 U.S. 1, 7-8, 18 (1998) (finding a case moot, thereby depriving the Court of its power to act, where the petitioner challenged the wrongful termination of his parole status but the reincarceration that resulted from the termination had since ended). The Court will thus vacate its February 8, 2011 Memorandum Opinion and Order. Because Madison's § 2254 petition challenges convictions which have since been vacated by the Circuit Court, the Court will deny his petition as moot.

### III. Conclusion

For the foregoing reasons, the Court will GRANT Respondent's renewed Motion to Vacate and Dismiss as Moot (Docket No. 27), VACATE this Court's February 8, 2011 Memorandum Opinion and Order (Docket Nos. 20, 21), DENY AS MOOT Madison's § 2254 petition (Docket No. 1), and DISMISS this action.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 9-28-11

3